IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Plaintiff,

vs.

JUAN M. SEARCY; et al.,

    Defendants.

No. CIV S-11-1681 KJM KJN

<u>ORDER</u>

Defendants removed the above-captioned matter to this court on June 21, 2011. (ECF 2.)  Plaintiff then filed an ex parte application for an order shortening time for hearing on its motion to remand.  (ECF 5.)  For the following reasons, this case is hereby REMANDED and plaintiff's application is DENIED as moot.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant . . . to the district court . . . ." 28 U.S.C. § 1441(a).  District courts have original jurisdiction in two situations: 1) federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States;" and 2) diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and there is complete diversity between the parties.  28 U.S.C. §§ 1331, 1332(a).

1

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have the duty of determining whether they have jurisdiction, even if the parties do not raise the question. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004); *see also* FED. R. CIV. P. 12(h)(3).

Plaintiff's state court complaint, brought in San Joaquin Superior Court on May 19, 2011, alleges only a state law cause of action for unlawful detainer. (Not. of Removal, Ex. 1, ECF 2.) However, defendants removed this action purportedly based upon federal question jurisdiction. (Not. of Removal at 3.) Defendants' reasoning is convoluted and unconvincing. Defendants claim that because 28 U.S.C. § 1331 provides district courts with jurisdiction over civil actions arising under the Constitution, laws, and treaties of the United States and 28 U.S.C. § 1441(a) provides that defendants may remove civil suits to district courts with original jurisdiction, as defendants in a civil action "deemed to arise under the laws of the United States" and over which the district court has original jurisdiction (*see* 12 U.S.C. § 1452(f)(2)), they properly removed plaintiff's action for unlawful detainer. (Not. of Removal at 3; Antognini Decl. ¶ 6, ECF 7.) Defendants ignore the other operative clause of 12 U.S.C. § 1452(f), which states that "any civil or other action . . . to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation . . . ." 12 U.S.C. § 1452(f)(3). Thus, only plaintiff – the Corporation – has the authority to remove a civil case that otherwise does not invoke either federal question or diversity jurisdiction; defendants may not do so. *See Mendrala v. Crown Mortg. Co.*, 955 F.2d 1132, 1136 n.5 (7th Cir. 1992) ("In the Senate Report, the only

1  specific reference to what is now 12 U.S.C. § 1452(f) states in full: '[The section] gives the
2  Corporation clear authority to bring suit in Federal court and to remove to such court any judicial
3  proceedings in which it is involved, and prohibits the issuance of any attachment or execution
4  against the corporation or its property before final judgment'" (internal citation omitted)).  This
5  court is without jurisdiction to hear this case.

6   For the foregoing reasons, the court hereby REMANDS the above-captioned
7  matter.  This case is CLOSED.

8   IT IS SO ORDERED.

9  DATED:  June 29, 2011.

_____
UNITED STATES DISTRICT JUDGE